Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 2423 | **DATE** | 4/30/2013 |
| **CASE TITLE** | Eugene Harris (#2012-0229199) vs. Cook County Department of Corrections | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The trust fund officer at his place of confinement shall make deductions from Plaintiff's trust fund account in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Cook County Jail and an amended complaint form to Plaintiff. The current complaint is dismissed without prejudice to Plaintiff submitting, within 30 days of the date of this order, an amended complaint that both (1) states a valid claim and (2) names a suable party. Plaintiff's failure to comply within 30 days will result in summary dismissal of this case.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff Eugene Harris is currently confined at the Cook County Jail. He alleges that he has been denied access to the jail's law library and that he is currently on trial.

Plaintiff's *in forma pauperis* application demonstrates that he is unable to prepay the filing fee. The court grants his motion for leave to proceed *in forma pauperis* and assesses an initial filing fee of $5.60. The inmate trust account officer at Plaintiff's place of confinement is authorized and ordered to collect, when available funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is directed to collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number of this case. Plaintiff shall remain responsible for the filing fee obligation, and Cook County Jail officials shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

Although Plaintiff may proceed *in forma pauperis*, his complaint cannot proceed. *See* 28 U.S.C. §1915A. Simply alleging denied access to the jail's library does not, by itself, state a valid claim. *In re Maxy*, 674 F.3d 658, 660 (7th Cir. 2012) (there is no "freestanding right [of prisoners or pretrial detainees] to a law library or legal assistance"), quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996). "Prisoners have a fundamental right of access to the courts" upon which a prison may not infringe. *Maxy*, 674 F.3d at 660, citing *Bounds v. Smith*, 430 U.S. 817 (1977). To state a claim of denied access the courts, Plaintiff must allege that he has suffered an "actual injury," i.e., that denied access to the library has prevented him from bringing a nonfrivolous claim or has otherwise adversely affected litigation. *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009). Plaintiff alleges no actual injury to state a claim of denied access to the courts.

Additionally, Plaintiff names as Defendant the Cook County Department of Corrections, which is not a

| STATEMENT |
|---|
| suable party. *Castillo v. Cook County Department Mail Room*, 990 F.2d 304, 307 (7th Cir. 1993) (a county jail is not an entity separate from the county that may itself be named as a defendant). Plaintiff must name an individual officer or official who has denied him access to the library or, if he seeks to allege a policy or custom that has prevented such access, he may name Cook County Sheriff Tom Dart.<br><br>       Accordingly, the complaint is dismissed without prejudice to Plaintiff submitting an amended complaint that both states a valid claim and names a suable party as Defendant. The Court advises Plaintiff that an amended complaint replaces a previously filed one and the Court will look only to the amended complaint to determine the claims and parties of this case.  Additionally, Plaintiff must submit a judge's copy of an amended complaint as well as a service copy for each for named Defendant.<br><br>       Plaintiff is given 30 days from the date of this order to submit an amended complaint.  His failure to do so will result in summary dismissal of this case. |